Woelex, Acting Chief Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United' States Patent Office affirming the rejection by the Primary Examiner of claims 15 to 19, inclusive, the only remaining claims of appellant’s application for a patent on a thrust bearing, which appellant alleges constitutes a patentable improvement over the prior art.
Since it is necessary to consider the appealed claims individually, they are all reproduced below.
15. In a thrust bearing for a shaft, a roller holder arranged concentrically on said shaft, one race member on each side of said holder, a plurality of- cylindrical roller sets in said holder, the axis of each set being directed radially with respect to the axis of the shaft, each set comprising a plurality of disc-ring Shaped rollers having a hole diameter of approximately one half of the outer diameter and having a thickness less than one tenth of said outer diameter, the discs being disposed freely and independently rotatable side by side between an inner and outer stop in said holder with sufficient clearance for any roller to be deformed elastically when the roller set is subjected to a local high speed.
16. In a thrust bearing for a shaft, a cage shaped holder arranged concentrically on said 'shaft, one race member on each side of said holder, a plurality of cylindrical roller sets in pockets in said holder, the axis of each set being directed radially with respect to the axis of the shaft, each set comprising a plurality of disc-ring shaped rollers having a hole diameter of approximately one half of the outer diameter and having a thickness less than one tenth of said outer diameter, the discs being disposed freely and independently rotatable side by side between an inner and an outer stop in said holder with sufficient clearance for any roller to be deformed elastically when the roller set is subjected to a local high speed.
17. In a thrust bearing for a shaft, a roller holder consisting of a central support with radially projecting pins and arranged concentrically on said shaft, one race member on each side of said holder, one cylindrical roller set on each one of said pins, each set comprising a plurality of disc-ring shaped rollers having a hole diameter of approximately one half of the outer diameter and having a thickness less than one tenth of said outer diameter, the disc being disposed freely and independently rotatable side by side between an inner and an outer stop in said holder with sufficient clearance for any roller to be deformed elastically when the roller set is subjected to a local high speed.
18. A thrust bearing as claimed in claim 17, in which a bush is mounted on said pins, said bush determining the clearance between said inner and outer stop.
19. A thrust bearing as claimed in claim 17, in which the rollers are journalled on said, pins under a radial clearance amounting to at least 0.5% of the roller diameter.
The single reference relied on by the board was
Rennerfelt, 914,075, March 2, 1909.
The structure disclosed by appellant’s application comprises a vertical shaft journaled at its lower end in a fixed support, and an annular *849 member surrounding and keyed to the shaft and spaced from the support.. The bearing which constitutes the alleged invention lies between and abuts the annular member and the support. It comprises upper and lower bearing plates which surround the shaft and are secured to the member and support respectively, and a roller cage surrounding the shaft between the plates. In one embodiment, the cage takes the form of a plate having three spaced pockets cut through from its upper to its lower surfaces, each pocket being adapted to hold a number of disks or rollers in such a position that the axis of each group passes through the center line of the shaft. The rollers extend beyond the cage at the top and bottom and have rolling contact with the bearing plates. When the shaft turns the rollers rotate on their own axis and also revolve, with the cage, about the axis of the shaft-
In an alternative embodiment the roller supporting structure takes the form of a substantially cubical block having a central opening between two opposite faces through which the shaft passes. Each of the four remaining faces of the block has a centrally projecting pin upon which the rollers are supported. Each pin is surrounded by a bush having a flange at its outer end. The rollers surround the bushes and are held axially between the block faces and the flanges, the length of the bush slightly exceeding the combined length of the rollers so that a small amount of play is allowed.
As illustrated, there are six rollers in each group and appellant’s specification states that the thickness of each roller “ought to be less than one fifth of the diameter and preferably amounts to one tenth of the diameter or less,” and that the rollers “have an inner diameter which exceeds one fourth of the outer diameter and preferably amounts to at least half the roller diameter.”
It is stated in appellant’s brief that the patentee Kennerfelt is his father and that the structure claimed here represents an improvement over that of the patent. The patent shows a thrust bearing comprising an arrangement of a shaft, bearing plates, and rollers similar to the second embodiment of appellant’s application, but using only three groups of rollers instead of four. In the patented device, most of the rollers have a thickness of about one-fifth of their diameter, although two of the groups include auxiliary rollers or washers having a thickness not greater than one-tenth of their diameter. The thinner rollers are included so that the rollers of the different groups will not follow the same paths around the shaft, as they would do if all of them were of uniform thickness. The inner diameter of the rollers in the patent is slightly more than one third of their outer diameter. The pins which support the rollers in the reference are not provided with bushes, but the inner portion of each pin, on which *850 the rollers are supported, is comparatively large. A smaller threaded portion of each pin projects beyond the rollers and receives a washer which is held against the larger part of the pin by a nut, so that the rollers are held against axial movement, except for a slight clearance which results from the fact that the large portion of each pin is slightly longer than the combined thickness of the rollers which it supports.
The features primarily relied on by appellant, and included in each of the appealed claims, are that the inner diameter of the rollers is approximately one-half their outer diameter, and that their thickness is less than one-tenth of their outer diameter. As above noted, the inner roller diameter in the reference is about one-fifth of the outer diameter. We agree with the Patent Office tribunals that those differences have not been shown to involve anything more than a matter of degree, changes which we think obvious.
While the claimed ratios are indicated as “preferable in appellant’s application, it is pointed out that the inner roller diameter need merely exceed one-fourth, and the roller thickness be less than one-fifth of the outer diameter. Thus there is no significant difference between the proportions of the reference rollers and those suggested as suitable in appellant’s application. The application does not allege, and there is nothing of record to show, that there is any critical difference between the preferred proportions which are recited in the claims and those which are merely indicated as suitable.
Appellant contends that thin rollers are resilient and are deformed in the sense that they yield elastically when subjected to a heavy load, and also that the friction due to rotation of adjacent rollers at different speeds will be less with thin than with thick rollers. It does not appear, however, that any sudden or unexpected change in those values takes place when the particular proportions specified in the claims are employed. We share the views expressed below that the problem is merely one of experimenting with rollers of various proportions and selecting those which give the best results.
In addition to the proportions above discussed, claim 15 states that the rollers are provided with sufficient clearance to allow any roller to be deformed elastically. The rollers in the reference are provided with a clearance which appears to be at least as large as those of appellant’s application and which would therefore permit deformation as required by claim 15. Aside from the features above considered, claim 15 is fully met by the Rennerfelt patent and the rejection of that claim was therefore proper.
Claim 16 is similar to claim 15, but is limited to appellant’s first embodiment in which the rollers are mounted in pockets in a holder. *851 It was held by the board that such an arrangement presents no patentable advantage over what is set forth in claim 15 and, in our opinion, that position is sound. Appellant has not contended that claim 16 includes any feature which would render it patentable, apart from those recited in claim 15.
Claim 17 adds to the combination of claim 15 the statement that the rollers are supported on radially projecting pins. Such an arrangement is shown in the Rennerfelt, patent and, accordingly, claim 17 is unpatentable thereover for the same reasons as claim 15.
Claim 18, which depends on claim 17, contains the further limitation that a bush is mounted on each pin to determine the clearance between the stops which hold the rollers in place. The Rennerfelt patent does not show such a bush, but each pin has a large portion which supports the rollers and determines the clearance in the same way as appellant’s bush, and which is fully equivalent thereto. Merely using a bush to provide increased diameter instead of enlarging the pin itself would be an obvious expedient.
Claim 19, which is also dependent on claim 17, specifies that the rollers are mounted on the pins under a radial clearance of at least 0.5% of the roller diameter. We agree with the board that such a clearance is disclosed in the reference; moreover, the exact amount of clearance provided is without patentable significance.
Appellant’s arguments have been carefully considered, but we are of the opinion the appealed claims define nothing more than obvious modifications of the structure shown by the reference.
The decision is affirmed.